IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NESSIA DILLARD,**<br><br>　　Plaintiff,<br><br>v.<br><br>**LEROY SMITH and MARTEN TRANSPORT LTD.,**<br><br>　　**Defendants.** | **CIVIL ACTION<br>FILE NO. _____** |

## NOTICE OF REMOVAL

Petitioner Marten Transport, Ltd. hereby submits this Notice of Removal of the action herein referred to from the State Court of Gwinnett County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, and respectfully shows to the Court the following:

1.

Petitioners herein are two of the Defendants in a civil action brought in the State Court of Gwinnett County, Georgia, that is entitled *NESSIA DILLARD v. LEROY SMITH and MARTEN TRANSPORT, LTD.*, Civil Action File No. 18C00401-5. Attached hereto and made a part hereof as an

Exhibit is a true and correct copy of the following pleadings[1] that are on file with the State Court of Gwinnett County:

Exhibit "A" - Summons and Plaintiff's Complaint;

To the best of Petitioner's knowledge, Exhibit "A" constitutes all of the pleadings which have been filed in the State Court of Gwinnett County in the subject case.

2.

The aforementioned action was commenced by the filing of the Complaint on January 22, 2018.  Marten was served on January 25, 2018.

3.

This Petition is filed within thirty (30) days after receipt by the Petitioner, through service or otherwise, of a copy of a pleading, amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, pursuant to 28 U.S.C. §1446(b) and F.R.C.P. 6(a)(1)(c).[2]

---

[1] Numerous discovery documents have been filed in the State Court action.  But, as Defendant understands the Federal Rules and this Court's Rules, discovery materials are not pleadings and are not to be filed unless and until needed as evidence in the action.  Therefore discovery materials are expressly excluded from this listing and will not be filed with the Court.

[2] This Notice is filed within 30 days of the date of the filing of the suit.

4.

This Court has jurisdiction over this action pursuant to §1332 of Title 28 of the United States Code because there is complete diversity of citizenship between the Plaintiff and all Defendants and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[3]

5.

Upon information and belief, Petitioner shows that the controversy between the Plaintiff and Defendants is a controversy between a citizen and resident of the State of Georgia (Plaintiff) and the Defendants, none of which is a citizen or resident of the State of Georgia.

6.

Plaintiff was at the time of the commencement of this action and still is a citizen and resident of the State of Georgia. (Complaint ¶1).

7.

Defendant Smith was at the time of the commencement of this action and still is a citizen and resident of the State of Texas.

---

[3] While the Complaint is silent as to an exact amount of damages being sought, in a pre-suit demand letter Plaintiff's counsel asserted that Plaintiff had incurred $77,604.25 in medical specials and $18,000 in lost wages as of July 2017. Thus, while denying liability for these alleged damages, Petitioner has a good faith belief that the amount in controversy exceeds the $75,000 threshold requirement to

3

8.

Petitioner Marten was at the time of the commencement of this action and still is a corporation organized under the laws of the State of Delaware, whose principal place of business is Wisconsin.

9.

All of the named Defendants are diverse from Plaintiff and complete diversity exists. The matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs, and is a civil action brought in a State Court of the State of Georgia, of which the United States District Courts have original jurisdiction because of diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. §1332.

10.

Based on the complete diversity that exists between the parties and the amount in controversy, the pending action is one that Petitioner is entitled to remove to this Court pursuant to 28 U.S.C. §§1332, 1446(b).

---

invoke diversity jurisdiction. *See Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740 (M.D. Ga. Apr. 23, 2013).

WHEREFORE, Petitioner prays that this Petition for Removal be filed and that said action be removed to and proceed in this Court and that no further proceedings be had in the said case in the State Court of Gwinnett County, Georgia.

Respectfully submitted this 21st day of February, 2018.

**HAWKINS PARNELL THACKSTON & YOUNG LLP**

303 Peachtree Street, N.E.
Suite 4000
Atlanta, Georgia  30308-3243
(404) 614-7400
(404) 614-7500 (facsimile)
wfox@hptylaw.com
skeith@hptylaw.com

Warner S. Fox
Georgia Bar No. 272654
C. Shane Keith
Georgia Bar No. 411317
*Counsel for the Petitioners*

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

**NESSIA DILLARD**

CIVIL ACTION NUMBER: 18-C-00401-5

PLAINTIFF

VS.

**MARTEN TRANSPORT LTD**
c/o CT Corporation System
289 S Culver St, Law'Ville, GA 300

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _22nd_ day of _January_, 20_18_.

Richard T. Alexander, Jr.,
Clerk of State Court

By _[signature]_
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit A

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA
2018 JAN 22 PM 12: 08
RICHARD ALEXANDER, CLERK

| | |
|---|---|
| NESSIA DILLARD<br><br>Plaintiff,<br><br>v.<br><br>LEROY SMITH JR AND MARTEN TRANSPORT LTD.,<br><br>Defendants. | CIVIL ACTION 18 C 00401-5<br>FILE NO.: _____ |

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW NESSIA DILLARD, plaintiff, and makes and files this complaint against defendants LEROY SMITH JR. and MARTEN TRANSPORT LTD. as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff NESSIA DILLARD is a resident of Gwinnett County, Georgia, and is subject to the jurisdiction of this court.

2.

Defendant *Leroy Smith Jr.* resides at 1423 Harris Street, Nacogdoches, TX 75964, and may be served with a copy of the summons and complaint at this address.

3.

MARTEN TRANSPORT LTD is foreign corporation existing under the laws of *State of Delaware*, with its principal place of business at 129 Marten Street, Mondovi, WI 54755, and may be served through its registered agent *CT Corporation System* at *289 S Culver St., Lawrenceville, GA*, 30046, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

## BACKGROUND

6.

On or about October 15, 2016, at approximately 11:30 pm, plaintiff was driving a 2010 Kia Forte traveling northbound on Cedars Road, approaching the intersection with SR 316.

7.

At the same time, Defendant Leroy Smith Jr. was driving a KW T680 tractor-trailer eastbound on SR 316 approaching the intersection with Cedars Road.

8.

On this date, defendant Leroy Smith Jr. was operating his tractor-trailer on behalf of defendant *Marten Transport Ltd*.

9.

As plaintiff's traffic signal turned green, plaintiff began to enter the roadway of the intersection.

10.

As plaintiff lawfully entered the roadway, she was struck by the tractor-trailer being driven by Defendant Smith.

11.

Defendant Smith's traffic signal indicated red prior to Defendant entering the intersection and striking Plaintiff's vehicle.

Defendant Smith was cited for Failure to Obey Traffic Control Device by Gwinnett County Police.

12.

As a result of the collision, plaintiff suffered serious bodily injuries.

## COUNT I
## NEGLIGENCE

13.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 12 above as if fully restated.

14.

Defendant Leroy Smith Jr. was negligent in the following manner:

(a) *failure to obey a traffic control device*;
(b) *failing to yield the right of way*;
(c) *failing to yield the right of way when entering an intersection*;

15.

Defendant Leroy Smith Jr. was negligent in failing to maintain a proper lookout for plaintiff's vehicle and colliding with plaintiff's vehicle.

16.

Defendant Leroy Smith Jr.'s negligence is the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT II
## IMPUTED LIABILITY

17.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if fully restated.

16.

At the time of the subject collision, defendant Leroy Smith Jr. was under dispatch for Defendant Marten Transport Ltd.

17.

At the time of the subject collision, defendant Leroy Smith Jr. was operating his vehicle on behalf of Defendant *Marten Transport Ltd.*.

18.

Defendant *Marten Transport Ltd.* is an intrastate or interstate motor carrier, and pursuant to federal and state laws, is responsible for the actions of defendant Leroy Smith Jr. in regard to the collision described in this complaint under the doctrine of lease liability, agency or apparent agency.

## COUNT III
## NEGLIGENT HIRING, TRAINING & SUPERVISION

19.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 18 above as if fully restated.

20.

Defendant Marten Transport Ltd. was negligent in hiring defendant Leroy Smith Jr. and entrusting him to drive a tractor-trailer.

21.

Defendant Marten Transport Ltd. was negligent in failing to properly train defendant Leroy Smith Jr..

22.

Defendant Marten Transport Ltd. was negligent in failing to properly supervise defendant Leroy Smith Jr..

23.

Defendant Marten Transport Ltd.'s negligence in hiring defendant Leroy Smith Jr. and entrusting him with driving a commercial vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and plaintiff's resulting injuries.

## COUNT IV
## DAMAGES

24.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 23 above as if fully restated.

25.

As a result of defendants' negligence, plaintiff suffered facial, head, neck, and back injuries.

26.

As a result of defendants' negligence, plaintiff has incurred past medical expenses and will continue to incur future medical expenses.

27.

As a result of defendants' negligence, plaintiff has been unable to work and has a claim for past and future lost wages.

28.

Defendants' negligence is the sole and proximate cause of plaintiff's injuries.

## COUNT V
## PUNITIVE DAMAGES

34.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 33 above as if fully restated.

35.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays that she has a trial on all issues and judgment against defendants as follows:

    a.    That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

    b.    That plaintiff recover for physical and mental pain and suffering in an amount to be determined by the enlightened conscience of a jury;

    c.    That plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury; and

d.  That plaintiff recover such other and further relief as is just and proper.

This ___ day of January, 2018.

By: _____

Riah W. Greathouse
Georgia Bar No. 403830
260 PEACHTREE ST NW, STE. 1600
ATLANTA, GA 30303
riah@atltriallaw.com
(o) 678-310-2827
(f) 404-393-3281
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NESSIA DILLARD,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO. _____** |
| **LEROY SMITH and MARTEN TRANSPORT LTD.,** | |
| Defendants. | |

## CERTIFICATE OF SERVICE and
## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)

This is to certify that I have this day served counsel in the foregoing matter with a copy of the foregoing **PETITION FOR REMOVAL** with Exhibit "A" attached thereto, together with Attorney's Affidavit, Affidavit of Filing in State Court of Gwinnett County, and Notice of Filing by depositing in the United States Mail a copy of same in an envelope with adequate postage thereon, addressed as follows:

Riah W. Greathouse
260 Peachtree Street, NW
Suite 1600
Atlanta, GA 30303
*Counsel for Plaintiff*

Counsel for Plaintiff I further certify pursuant to Rule 7.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Century Schoolbook" font, 13 point, as required by Local Rule 5.1(C).

Respectfully submitted this 21st day of February, 2018.

|  |  |
|---|---|
| | **HAWKINS PARNELL** <br> **THACKSTON & YOUNG** LLP <br><br> *[signature]* <br><br> Warner S. Fox <br> Georgia Bar No. 272654 <br> C. Shane Keith <br> Georgia Bar No. 411317 <br> *Counsel for the Petitioners* |
| 303 Peachtree Street, N.E. <br> Suite 4000 <br> Atlanta, Georgia  30308-3243 <br> (404) 614-7400 <br> (404) 614-7500 (facsimile) <br> wfox@hptylaw.com <br> skeith@hptylaw.com | |